Birdie Amsterdam, J.
The respondent herein applies to this court, by motion, for an order directing that the place of his confinement be changed from the Civil Jail in the City of New York to the Civil Jail of the Sheriff of Monroe County, and for such other relief as to the court may seem just and proper. The respondent is one of the group of men who assembled at the home of one Joseph Barbara in the Town of Apalachin on November 14, 1957. The State Commission of Investigation, in a proper proceeding, sought to question him, and on his refusal to answer questions he was arrested by the Sheriff of New York City and committed to the jail here, pursuant to an order of this court (Matter of Commission of Investigation v. Lombardozzi, 7 A D 2d 48, affd. 5 N Y 2d 1026).
Thereafter, the respondent represented that he was willing to answer the questions, and a hearing was held before the commission. The commission, believing his answers to be not responsive and evasive, did not consent to his release. On a habeas corpus proceeding this court refused to release him. The Appellate Division, First Department, sustained this, decision (People ex rel. Valenti v. McClosky, 8 A D 2d 74), and the Court of Appeals, by a divided court, affirmed that determination on July 8, 1959 (6 N Y 2d 390). In both appellate courts the purported answers of the respondent were criticized as being incredible, evasive and inconsistent and designed to thwart the legitimate object of the inquiry.
The respondent on the instant application for transfer to Monroe County claims: He is a lifelong resident of the City of Rochester, County of Monroe, where his entire family has been residing and resides; he was living there with his wife and infant daughter, and only because of the subpoena of the commission was he in New York City; on August 22, 1958, he was incarcerated and has never seen his new-born child, now four months of age; because of the 400-mile distance from Rochester, his wife, children and infirm elderly parents (his father is in his 80’s, his mother in her 70’s, suffering from a heart condition) cannot visit him; all the others who were committed with him are residents of New York City. He further states that for about 10 years he has been suffering from an ailment for which he is being treated by the jail physician; also, that he was underweight when first committed and has since lost some 16 pounds. In addition, he points out that he is 31 years old and has never been convicted of a misdemeanor or felony.
While respondent claims he has properly answered the questions, in view of the prior decisions of this court and of the appellate tribunals, this court is hound by those determinations *1026 that his answers were false, evasive and contumacious. As such, his continued defiance does not lend itself to the extension of consideration or merit the sympathy of the court unless there are unusual circumstances and unless any modification of the commitment will not in any way impede the petitioner.
Section 406 of the Civil Practice Act is a coercive method to compel a witness to testify. It requires that he be imprisoned until he properly answers the questions. It requires that the Sheriff of the county in which the witness is, execute the warrant. However, the coercion is to be no more than that which is required by the statute. If the coercion being exerted is greater than that, it would appear to be without sanction.
The order of commitment in the instant case is directed to the Sheriff of the City of New York, or to the Sheriff of any other county in the State ivherein respondent Costense Peter Valenti may he found. Had he been found at home in Rochester, he would have been committed by the Sheriff of Monroe County in that county. In fact, it is argued by the respondent, and not denied, that in a subsequent matter a witness, after refusing to answer and while the order to show cause was pending, returned to his home in Brie County and is in custody there.
It would appear to the court that if there was jurisdiction to issue a warrant to be executed in any county in the first instance, there is power to cause a transfer to the county of residence, in a proper case.
The coercion to be exerted by section 406 of the Civil Practice Act can be exerted as well by incarceration in Monroe County as here. The restraint of liberty is the same, and the interior appointments of the cells similar. Section 514 of the Correction Law requires that the Sheriff must confine a prisoner in jail who is committed in the manner as respondent was; he may not have jail liberties. The exterior view of the world, from which the respondent is barred, is no less desirable there than here. In addition, the transfer may have a salutary effect on the respondent near the bosom of his family and cause him to be more cooperative with the authorities. In any event, this respondent should not be treated more harshly than the other witnesses similarly situated, particularly when his physical and mental condition has been adversely affected and the hardship to his family has been extreme. In the Court of Appeals, Judge Froessel was concerned with the conceivable life imprisonment of this respondent without a trial by jury or any of the other traditional rights which the law accords to a defendant.
Apparently the commission would not afford to the respondent rights that even the most depraved convicted felon would *1027 have. With the commission’s position this court is not in accord, particularly in view of the treatment of malefactors by our enlightened society.
Having arrived at this conclusion to protect the rights of this individual from any undue oppression or possible injustice, the next question is the protection of society.
With respect to any impairment of or prejudice to the petitioner’s position, it has jurisdiction throughout the State. However, this investigation was being conducted at its offices in New York County. Accordingly, the granting- of this motion is conditioned upon the respondent’s defraying the cost of his transfer to Monroe County, including but not limited to, the cost of his own transportation and appropriate guard or guards. In addition, if and when he decides to answer the questions, he must pay the similar costs in appearing at the commission’s office in New York County, or at such other place within the State as the commission shall designate.
This decision has not taken into consideration the other relief requested by the respondent, raised 'for the first time in his brief. If he is so advised, he may proceed by proper motion.
Settle order on notice to all parties and to the Sheriff of New York County. On the settlement of the order the Sheriff will notify the court of the cost of the transfer.